IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAHAND YOUSEFI NASRABADI, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:25-cv-1843-E-BN |
| § | |
| MARCELLO VILLEGAS, Warden of the § | |
| Bluebonnet Detention Facility, ET AL., § | |
| § | |
| Respondents. § | |

## MEMORANDUM OPINION AND ORDER TRANSFERRING CASE

Petitioner Sahand Yousefi Nasrabadi, detained by U.S. Immigration and Customs Enforcement ("ICE") at the Bluebonnet Detention Center, located in Anson, Texas, filed with the assistance of counsel an application for a writ of habeas corpus under 28 U.S.C. § 2241 requesting that the Court reinstate his order of supervision and order his release. *See* Dkt. No. 1.

Petitioner paid the applicable filing fee. And United States District Judge Ada Brown referred this matter to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

"In general, '[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the [petitioner] is confined.'" *Dada v. Witte*, Civ. A. No. 20-1093, 2020 WL 1674129, at *2 (E.D. La. Apr. 6, 2020) (quoting *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001))).

And, "[i]n challenges to present physical confinement," the United States Supreme Court has "reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Padilla*, 542 U.S. at 439-40 (further noting that, "[i]f the 'legal control' test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition" but, "[a]s the statutory language, established practice, and our precedent demonstrate, that is not the case").

The Court may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also id.* § 1631; *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a)."); *Day v. Chandler*, 55 F. App'x 716, 2002 WL 31933183, at *1 (5th Cir. Dec. 20, 2002) (per curiam) ("The Eastern District also properly transferred the petition to the Northern District. *See* 28 U.S.C. §§ 1406(a), 1631.").

The Court may raise this issue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

Here, because, when he filed this matter, Petitioner was physically confined at an ICE facility in Anson, Texas, in Jones County, within the Abilene Division of this judicial district, *see* 28 U.S.C. § 124(a)(3), the Court will transfer his habeas petition to that division of this district under Sections 1406(a) and 1631 on **August 7, 2025** to allow any party to file an objection to Judge Brown within 14 days after being served with a copy of this order. *See* FED. R. CIV. P. 72(a).

But, if Petitioner notifies the Court that this transfer is unopposed, the case will be ordered transferred immediately.

And, if an objection is filed, the order of transfer is stayed pending further order of the Court.

SO ORDERED.

DATED: July 22, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE